United States District Court
Southern District of Texas
**ENTERED**
April 25, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAMELA LYNN AND WILSON LYNN, JR., *Plaintiffs,* | § § § § § § § § | CIVIL ACTION NO. 4:24-CV-0935 |
| V. | | |
| KAISER FOUNDATION HEALTH PLAN, INC., ET AL., *Defendants.* | | |

## MEMORANDUM AND RECOMMENDATION

On March 13, 2024, Plaintiffs, through counsel, filed a Complaint asserting medical malpractice and other claims against 25 Defendants.[1] ECF 1. The Complaint asserts claims for medical malpractice, battery, breach of fiduciary duty, to overturn an arbitration, federal conspiracy, specific performance, violation of equal protection and substantive and procedural due process rights under the Fourteenth Amendment, and for revocation of Kaiser's federal tax-exempt status. *Id.* Pending before the Court are Plaintiffs' Motion to Proceed In Forma Pauperis (ECF 10) and First Amended Ex Parte Motion to Appoint Marshal to Serve Summons and Complaint (ECF 11). The Court recommends that the pending motions be denied and this case be dismissed without prejudice for improper venue.

---

[1] The District Judge referred the case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 15.

A district court may consider sua sponte whether venue is proper and has discretion to dismiss or transfer a case if venue is improper. *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987). A district court may address venue prior to addressing subject matter jurisdiction. *WestRock Co. v. Douglas*, No. 4:22-CV-2646, 2023 WL 8000333, at *5 (S.D. Tex. Sept. 28, 2023), report and recommendation adopted sub nom. *Westrock Co. v. Hernandez*, No. CV H: 22-2646, 2024 WL 990052 (S.D. Tex. Mar. 7, 2024). Venue for a civil action in federal court is proper in: (1) the district where any defendant resides if all defendants are residents of the state in which the district is located; (2) the district in which a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district in which an action may otherwise be brought, in a district in which any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b). Pursuant to 28 U.S.C. § 1406(a), when a case is filed in an improper venue, a district court must dismiss the case, or if it is in the interests of justice, transfer the case to a district in which it could have been brought.

It is clear from the Complaint that not all, if any, of the Defendants (many of whom are individuals) are residents of Texas. *See* ECF 1; *see also* ECF 11 (providing addresses for service). It is also clear from the Complaint that none of the events giving rise to Plaintiffs' claims occurred in Texas. *Id.* In fact, in filings in California state court, filed here as "Exhibits," Plaintiffs alleged that "the acts

giving rise to this lawsuit. . . occurred in the Court's jurisdictional area." ECF 2-1 at 3; ECF 4 at 3. Further, as is evident from the pleadings filed as Exhibits referenced in the prior sentence, Plaintiffs could have filed this case in California. *Id.* Therefore, the Southern District of Texas, Houston Division, is not a proper venue for this civil action under 28 U.S.C. § 1391.

Several claims asserted in the Complaint appear subject to dismissal pursuant to Federal Rule 12(b)(1) and/or 12(b)(6), requiring repleading if not dismissal. Further, the events alleged in the Complaint as the basis for Plaintiffs' claims occurred beginning in August 2019, raising the possibility that they are time-barred. Plaintiffs have not paid a filing fee and have not completed service on any defendant. Therefore, the Court finds that the interests of justice do not weigh in favor of transfer.

For the reasons stated above, the Court RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE because it was filed in an improper venue.

Signed on April 25, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge