Steven Zamora, Esq.

Before Abraham was, I AM

9450 Pinecroft Dr. Unit 9834

The Woodlands, TX 77380

Telephone:   (858) 382-1064

Facsimiles:   (832) 543-1329

E-mail:   stevenzamora@beforeabrahamwas-iam.org

State Bar of Texas #24120410

Southern District of Texas #24120410

Attorneys for PAMELA LYNN, WILSON LYNN JR.

UNITED STATES DISTRICT COURT

Southern District of Texas

| | |
|---|---|
| PAMELA LYNN, WILSON LYNN JR., <br><br> Plaintiffs <br><br> vs. <br><br> KAISER FOUNDATION HOSPITALS, INC., et. al., <br><br> Defendants | Civil Action No. 4:24-cv-00935 <br> ***FIRST AMENDED*** <br> No. 1 <br> ***MOTION*** TO ***RECUSE*** <br> (28 U.S.C. § 455(a)) <br> Hearing Date: TBD <br> Hearing Time: TBD <br> Courtroom: TBD |

**Relief Sought**

Plaintiff(s) *move* the court to *recuse* or disqualify Judge Charles Eskridge and Magistrate Judge Christiana A. Bryan – of whom Judge Charles Eskridge sought to referred this Case to (docket 15), but Plaintiffs did not consent to this via mailing and writing on April 23, 2024 although uploaded on April 26, 2024 onto the docket 18 by the Clerk of the

Court, Nathan Oschner - under 28 U.S.C. § 455 and to apply the procedures set out in this court's local rules to have this case reassigned to another judge.

**Notice of Motion**

Notice is being provided through the CM/CF Pacer Electronic filing under this Civil Case No. cited above.

**Grounds for Relief**

1. The court should recuse or disqualify Judge Charles Eskridge (Herein "Eskridge" or "Judge) in this matter because Eskridge impartiality might reasonably be questioned because:

2. Pepperdine Law alumnus Charles R. Eskridge III (JD '90) has been confirmed by the U.S. Senate as a U.S. District Judge for the Southern District of Texas and Eskridge is a member of the Pepperdine Law Board of Advisors, an entity (Pepperdine Caruso School of Law) whose support depends in large measure on Defendant JAMS ADR and their employees, who are Defendants in this action.

3. In 1986, Pepperdine Caruso School of Law created the Straus Institute for Dispute Resolution and in 2011 Eskridge was a Distinguished Visiting Practitioner in Residence.

4. Hon. Daniel Weinstein (ret.) (Herein "Danny") is a founding member of Defendant JAMS ADR and this Defendants JAMS ADR funds created the Weinstein JAMS International Fellowship Program in 2008 (Herein "Fellowship Program"), which was integrated with Pepperdine Caruso School of Law.

5. Danny joined Straus Institute for Dispute Resolution as Distinguished Mediator in Residence in 2021.

6. Since 2008, Defendants JAMS ADR has been funding this Fellowship Program which is celebrated at Pepperdine Caruso School of Law being one of a kind and is integrated into the school via the law program and ADR Certification program called "Mediating the Litigated Case" which program is held at Pepperdine Law School's Straus Institute. Danny is the main event in this program and on the last day of the three to four week program Danny gives a detailed presentation on the Mediators Proposal and all other matters of pertaining to Mediation.

7. The next installment of the "Mediating the Litigated Case" was set for May 22 – 24, 2024; however, this installment got cancelled.

8. Eskridge was a member of the Pepperdine Law Board of Advisors, which had to review and/or approve Defendants JAMS ADR Fellowship Program.

9. Daniel Weinstein is a current employee and founder of Defendant JAMS ADR and the Pepperdine Caruso School of Law, he's a hard worker holding two jobs at the same locations, and so does Eskridge as Judge at the Southern District of Texas, Houston, and as Pepperdine Law Board of Advisors.

2

10. Since 2015, Sukhsimranjit Singh, Danny Weinstein Managing Director, Assistant Dean Graduate Law Programs, Professor of Law and Practice, Straus Institute, Caruso School of Law standout has been handling things for Danny, the school, and Straus Institute at the same time. Instead of two jobs, he works three all from the same location. He is a perfect blend of the influence of Defendant JAMS ADR, Danny and the school because he manages Danny's Fellowship Program, which is entirely funded by Defendant JAMS ADR, and he is the Assistant Dean Graduate Law Programs and a Professor of Law. For these last two roles, Eskridge, in his roles at Pepperdine, Law Board Advisor and Resident Faculty member, either reviewed, approved, and/or had direct contact with Singh, Danny, and Danny's employer Defendant JAMS ADR.

11. These continual ties of Eskridge and the Pepperdine Caruso School of Law are demonstrated in a Facebook post from Pepperdine Caruso Law Facebook in 2021 during COVID-19 outbreak.

12. In this Facebook post on YouTube, Eskridge, and another District Judge, sing "We'll Be Back," a greeting from the Federal Trial and Federal Judges of the Southern District of Texas in Houston. While whistling dixie, these two judges were "done up;" meaning Eskridge had a fedora and tuxedo on while the other District Judge had on a formal dress. This Facebook / YouTube post went viral and was featured by news outlets in Houston, TX, and California.

13. Due to above activities of Eskridge, Defendant JAMS ADR, Danny, and Singh, this creates an appearance of impropriety by giving the Judge a motive to favor the interests of the Defendant JAMS ADR in this action because Pepperdine Caruso School of Law and Danny and Singh are dependent on each other financially, and Eskridge is (or was) a Pepperdine Law Board of Advisors who was responsible for making critical legal study, fellowship, career, and other types of programs for the Pepperdine Caruso School of Law faculty and students.

**Record on Motion**

This motion is based on this document, the attached Notice of Motion, Certificate of Service (Plaintiffs' Attorney makes this affidavit in good faith), the Supporting Memorandum of Law, attached to this motion, and all of the pleadings (even the first amended complaint), papers, and other records on file in this action.

**Memorandum of Law**

14. Section 144 of title 28, U.S.C. states:

15. "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to

hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

16. Applied to this **Grounds for Relief**, the Plaintiffs in this proceeding has made and filed a timely and sufficient affidavit – through their Attorney – that the Judge and his attempted referral to Judge Bryan before whom the matter is pending both have/has a personal bias or prejudice either against Plaintiffs and in favor of any adverse party (Eskridge strong affiliation with the Pepperdine Caruso School of Law and its connection to Defendants JAMS ADR per the Fellowship Program headed by Danny, a founder of the Defendants JAMS ADR as an entity, and Singh a manager underneath Danny), which is personal bias, such Judge, and the referred Judge Bryan, shall both proceed no further therein, but another judge shall be assigned to hear such proceeding.

17. The **Grounds for Relief** states the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term or Initial Conference, which 6/26/2024 at 10:30 AM in Courtroom 9F before Eskridge at which the proceeding is to be heard.

18. In addition, with this appearance of impropriety, Eskridge has made rulings or lack thereof consistent with this partiality with the Defendants over the Plaintiffs when A) he did not Order Plaintiffs' In Forma Pauperis Motion even after the motion schedule date of April 15, 2024 had passed, B) he did not Order Plaintiff's Ex Parte Motion to Appoint the US Marshall to serve the summons and complaint on all Defendants, C) he rebuked Plaintiffs' attorney on docket 8 for sealing this Ex Parte Motion on the advice of his case manager Janelle Gonzalez even when Plaintiffs' attorney said he had no problem filing the motion unsealed, and lastly, D) he referred this Case to Magistrate Judge Christiana A. Bryan to continue his lack of partiality through her, and she has not disappointed Eskridge when providing her Memorandum and Recommendation two days after Eskridge's transfer, over Plaintiffs written objecting and not consenting in writing, to recommend Sua Sponte (own her own accord) to recommend dismissing the case without prejudice even she and Eskridge know that the US SUPREME COURT HAS ORIGINAL JURISDICTION IN ALL CASES WHERE A STATE IN THE UNION IS NAMED AS A DEFENDANT AND IN THIS CASE, THE STATE OF CALIFORNIA IS THAT STATE.

19. JESUS said, "Beware of [people], who come to you in sheep's clothing, but inwardly they are ravenous wolves. You will know them by their fruits. Do men gather grapes from thornbushes or figs from thistles? Even so, every good tree bears good fruit, but a bad tree bears bad fruit. A good tree cannot bear bad fruit, nor can a bad tree bear good fruit. Every tree that does not bear good fruit is cut down and thrown into the fire. Therefore, by their fruits you will know them."

20. By the fruits of Eskridge's and Bryan's partiality (as demonstrated above in 14.) toward the Defendants over the Plaintiffs, they are both bad trees producing this bad fruit of partiality

21. One can say that Eskridge's referral of this Case to Byran tainted her judgment, but at the end of the day, we choose to do right and wrong, and by these two people's bad fruit of partiality, they have done wrong.

22. They, like ravenous wolves, have injured the Plaintiffs by denying them their due process rights (as demonstrated above in 14.) and even though, Plaintiffs are impoverished and have to pay a large amount of money to serve all twenty-five (25) Defendants and also, having to file this motion through their Attorney.

23. In addition, Plaintiff request to add two more Defendants, which are Danny, and another Defendant named Kelvin Nguyen as he is the person, in her 8th EGD, perforated Pamela's esophagus in her chest and abdomen under the Supervising Doctor Gavin Jonas overseeing and management of Pamela's care at Kaiser.

24. As Plaintiffs have already amended their complaint consistent with FRCP 15 one-time, Plaintiffs now ask due to the discovery of this partiality inter alia, to add two more Defendants, and not limited, to as this court or the US SUPREME COURT may grant.

25. This is Plaintiffs one such affidavit in this Case.

26. Therefore, for the reasons stated above, Plaintiffs' **_moves_** the court to **_recuse_** or disqualify Judge Charles Eskridge and Magistrate Judge Christiana A. Bryan under 28 U.S.C. § 455 and to apply the procedures set out in this court's local rules to have this case reassigned to another judge.

**Certificate of Counsel of Record**

I, Steven Zamora, Esq., certify as Counsel of Record for the Plaintiffs that this motions and its contents are being made in good faith.

Dated: May 2, 2024

Before Abraham was, I AM

By: /s/Steven Zamora, Esq. for JESUS
     Steven Zamora, Esq.

9450 Pinecroft Dr. Unit 9834

The Woodlands, TX 77380

E-mail:    stevenzamora@beforeabrahamwas-iam.org

Attorneys for PAMELA LYNN, WILSON LYNN JR.